IRVING, P.J., CONCURRING IN PART AND DISSENTING IN PART:
 

 ¶ 41. I agree with the majority opinion except part VII (B), the discussion regarding the interest calculation. While this Court has jurisdiction to address the interest issue, it is my opinion that we should address only those issues that are properly placed before us by the parties. Since I believe we are procedurally barred from addressing the issue as to the kind of prejudgment interest and the proper calculation of it, I dissent from that portion of the majority opinion. To fully elucidate my point, a brief discussion of the relevant facts surrounding this issue is necessary.
 

 ¶ 42. The relevant portion of the circuit court's judgment reads: "Accordingly, pursuant to the terms of the Mersino Proposal, prejudgment interest is awarded at a rate of 1.5% from the date of the breach [,] i.e.[,] March 18, 2010 (the 31st day following Mersino's submission of the last invoice." The relevant portion of Mersino's proposal reads: "The [c]ontractor agrees to pay [i]nterest at a rate of 1.5% on unpaid balances that exceed 30 days from [i]nvoice date."
 

 ¶ 43. As can be seen from the quotes from both the circuit court's judgment and Mersino's proposal, the nature of the interest-that is, whether it is simple or compound-is not addressed. The majority acknowledges as much with the following statement: "[N]either the circuit court nor the contracts specified that the interest was to be computed on a compound basis ...." Majority op. at (¶ 36).
 

 ¶ 44. There are two problems with the majority's decision finding "that the interest should be computed on a simple basis at the 1.5% rate noted in the contract and circuit court's order." Majority op. at (¶ 36). First, the majority says that "[w]e construe... [the] terms of a contract against the drafter." Majority op. at (¶ 37). That is only true if the contract is ambiguous. I take no issue with the fact that any ambiguity in a contract should be construed against the drafter of the contract. However, the parties's contract is not ambiguous or confusing. The contract is simply silent on whether the interest should be computed on a monthly or annual basis and whether it should be compounded. "Silence on a subject does not create an ambiguity within a contract."
 
 Taylor Made Smiles PLLC v. Franklin Collection Service Inc.
 
 ,
 
 224 So. 3d 565
 
 , 570 (¶ 15) (Miss. Ct. App. 2017). Further, as this Court said in
 
 Taylor Made Smiles
 
 :
 

 [T]he absence of a contractual provision governing a dispute does not necessarily equate to ambiguity in favor of the nondrafter.
 

 Where a contract is silent as to one of its terms, the court is not bound to adopt a construction which is not compelled by the instrument and which no man in his right mind would have agreed to.
 

 Id.
 

 at (¶ 16). (Internal quotation mark omitted) I can think of no good reason why Mersino would have agreed to have the interest on money owed to it computed on a simple, rather than compound, basis.
 

 ¶ 45. Second, even if the contract is ambiguous, the issue is procedurally barred. The judgment appealed from was entered on May 11, 2016. Neither party filed a motion for clarification or modification of the judgment pursuant to Rule 59 of the Mississippi Rules of Civil Procedure. Roberts Contracting filed its notice of appeal on June 9, 2016, and Mersino filed its notice of appeal on June 10, 2016.
 

 ¶ 46. On November 11, 2016, five months after filing its notice of appeal, Mersino filed a motion pursuant to Rule 60 of the Mississippi Rules of Civil Procedure to clarify the court's May 11, 2016 opinion and order, or alternatively, to reopen the evidence for a limited purpose. In the motion, Mersino sought clarification of the circuit court's May 11, 2016 order, noting that the order "fail[ed] to specify whether the stated interest is to be calculated on a monthly or per annum basis." The circuit court denied the motion on April 6, 2017, in an order wherein the court stated:
 

 In this instance, the Court can and will assume that its omission of the method of interest calculation was inadvertent, being that such is integral to the enforcement of the judgment itself. However, because the original trier of fact in this case is no longer available to provide any insight, the undersigned Circuit Court Judge cannot currently state, with any degree of certainty, which method of interest calculation was intended at the time of the entry of the judgment. The Court accordingly cannot and will not rectify the omission by simply entering a supplemental order.
 

 While the Plaintiff has presented a compelling argument for reopening the case [to] introduce evidence related to the calculation of prejudgment interest, the Court finds that the timing of the request warrants further consideration. Though the transcript and record on appeal have not yet been filed with the Supreme Court, they have been prepared and examined by both parties, and any necessary corrections have been proposed. At this stage of the appeals process, especially considering that the outcome of the appeal may render the issue of prejudgment interest moot, the Court finds that the interests of judicial efficiency would best be served by denying the request at this time. Should the Mississippi Supreme Court or Court of Appeals wish that this Court address the issue prior to their consideration of the appeal, the Court will, of course, do so.
 

 ¶ 47. Mersino did not file an appeal of the circuit court's denial of its Rule 60 motion. Yet, on appeal, Mersino argues in issue five of its brief that the circuit court erred in denying its motion to clarify.
 

 ¶ 48. On these facts, I believe the issue of what kind of interest and how it should be calculated is procedurally barred. The only issue regarding prejudgment interest that is properly before us is the issue presented by Roberts: whether the circuit court erred by awarding prejudgment interest to Mersino. Having said this, I readily agree with the circuit judge's statement, in denying Mersino's motion, that the method of interest calculation is integral to the enforcement of the judgment itself. I also am aware that since we are affirming the circuit court's allowance of prejudgment interest, the issue of the kind
 of interest and the method of calculation must be resolved. I do not take issue with the law cited and discussed by the majority in paragraphs thirty-six and thirty-seven of its opinion. I simply disagree with the majority's decision to resolve the issue because-on this record-the issue is procedurally barred. This problem could have been avoided had Mersino appealed the denial of its Rule 60 motion and moved to consolidate that appeal with the appeal on the merits.
 

 ¶ 49. For the reasons presented, I would affirm the judgment but remand the case to the circuit court for proper calculation of the prejudgment interest.
 

 LEE, C.J., AND WESTBROOKS, J., JOIN THIS OPINION.